United States District Court
Northern District of Mississippi
Aberdeen Division

**Willie Poe, et al.**                                                      **Plaintiff**

**V.**                                           **Cause No:** 1:22cv172-SA-DAS

**United Furniture Industries, Inc.**                          **Defendant**

**COMPLAINT**
**(Trial by Jury Requested)**

The Plaintiffs, Willie Poe and other similarly situated individuals, as former employees of United Furniture Industries, Inc., hereby file this class-action lawsuit on behalf of themselves and all other employees for violation of the WARN (Worker Adjustment and Retraining Notification) statute which requires employers to give 60 days notice prior to a plant closing or 60 days pay. 29 USC §2101 *et seq*.

*Parties*

1. The Plaintiff, Willie Poe, is a former employee of United Furniture Industries, Inc. The plaintiff is an aggrieved employee as that term is defined by 29 USC §2104(a)(7).

2. The Plaintiff, John R. Westmoreland, is a former employee of United Furniture Industries, Inc. The plaintiff is an aggrieved employee as that term is defined by 29 USC §2104(a)(7).

1

3. The Plaintiff, Hedrick Fears, is a former employee of United Furniture Industries, Inc. The plaintiff is an aggrieved employee as that term is defined by 29 USC §2104(a)(7).

4. The Plaintiff, Dewayne Parker, is a former employee of United Furniture Industries, Inc. The plaintiff is an aggrieved employee as that term is defined by 29 USC §2104(a)(7).

5. The Plaintiff, Tabitha Long, is a former employee of United Furniture Industries, Inc. The plaintiff is an aggrieved employee as that term is defined by 29 USC §2104(a)(7).

6. The Plaintiff, Timmy Williams, is a former employee of United Furniture Industries, Inc. The plaintiff is an aggrieved employee as that term is defined by 29 USC §2104(a)(7).

7. The Plaintiff, Norman L. Mathews, Jr., is a former employee of United Furniture Industries, Inc. The plaintiff is an aggrieved employee as that term is defined by 29 USC §2104(a)(7).

8. The Plaintiff, Sandahl Burleson, is a former employee of United Furniture Industries, Inc. The plaintiff is an aggrieved employee as that term is defined by 29 USC §2104(a)(7).

9. The Plaintiff, Shakedia Logan, is a former employee of United Furniture Industries, Inc. The plaintiff is an aggrieved employee as that term is defined by 29 USC §2104(a)(7).

10. The Plaintiff, Chad Decanter, is a former employee of United Furniture Industries, Inc. The plaintiff is an aggrieved employee as that term is defined by 29 USC §2104(a)(7).

11. The Plaintiff, Lacorey Starks, is a former employee of United Furniture Industries, Inc. The plaintiff is an aggrieved employee as that term is defined by 29 USC §2104(a)(7).

12. The Plaintiff, Isaiah Gray, is a former employee of United Furniture Industries, Inc. The plaintiff is an aggrieved employee as that term is defined by 29 USC §2104(a)(7).

13. The Plaintiff, Willie C. Williams, is a former employee of United Furniture Industries, Inc. The plaintiff is an aggrieved employee as that term is defined by 29 USC §2104(a)(7).

14. The Plaintiff, Kendrick Grice, is a former employee of United Furniture Industries, Inc. The plaintiff is an aggrieved employee as that term is defined by 29 USC §2104(a)(7).

15. The Plaintiff, Brandon Hankins, is a former employee of United Furniture Industries, Inc. The plaintiff is an aggrieved employee as that term is defined by 29 USC §2104(a)(7).

16. The Plaintiff, Sharon M. Poe, is a former employee of United Furniture Industries, Inc. The plaintiff is an aggrieved employee as that term is defined by 29 USC §2104(a)(7).

17. The Plaintiff, Jasper Nichols, is a former employee of United Furniture Industries, Inc. The plaintiff is an aggrieved employee as that term is defined by 29 USC §2104(a)(7).

18. The Plaintiff, Carley Wright, is a former employee of United Furniture Industries, Inc. The plaintiff is an aggrieved employee as that term is defined by 29 USC §2104(a)(7).

19. The Plaintiff, Tyler Gregory, is a former employee of United Furniture Industries, Inc. The plaintiff is an aggrieved employee as that term is defined by 29 USC §2104(a)(7).

20. The Plaintiff, Kimberly Hankins, is a former employee of United Furniture Industries, Inc. The plaintiff is an aggrieved employee as that term is defined by 29 USC §2104(a)(7).

21. The Plaintiff, Glenda McVay, is a former employee of United Furniture Industries, Inc. The plaintiff is an aggrieved employee as that term is defined by 29 USC §2104(a)(7).

22. The Plaintiff, Benjamin McVay, is a former employee of United Furniture Industries, Inc. The plaintiff is an aggrieved employee as that term is defined by 29 USC §2104(a)(7).

23. The Plaintiff, Isaiah Taylor, is a former employee of United Furniture Industries, Inc. The plaintiff is an aggrieved employee as that term is defined by 29 USC §2104(a)(7).

24. The Plaintiff, Torey Doss, is a former employee of United Furniture Industries, Inc. The plaintiff is an aggrieved employee as that term is defined by 29 USC §2104(a)(7).

25. The Plaintiff, Sean Woods, is a former employee of United Furniture Industries, Inc. The plaintiff is an aggrieved employee as that term is defined by 29 USC §2104(a)(7).

26. The Plaintiff, Stanley W. Bailey, is a former employee of United Furniture Industries, Inc. The plaintiff is an aggrieved employee as that term is defined by 29 USC §2104(a)(7).

27. The Plaintiff, William Crenshaw, is a former employee of United Furniture Industries, Inc. The plaintiff is an aggrieved employee as that term is defined by 29 USC §2104(a)(7).

28. The Plaintiff, Quintavius Bowens, is a former employee of United Furniture Industries, Inc. The plaintiff is an aggrieved employee as that term is defined by 29 USC §2104(a)(7).

29. The Plaintiff, Marvin Gathings, is a former employee of United Furniture Industries, Inc. The plaintiff is an aggrieved employee as that term is defined by 29 USC §2104(a)(7).

30. The Plaintiff, Corey Gunn, is a former employee of United Furniture Industries, Inc. The plaintiff is an aggrieved employee as that term is defined by 29 USC §2104(a)(7).

31. The Plaintiff, Demonta Moore, is a former employee of United Furniture Industries, Inc. The plaintiff is an aggrieved employee as that term is defined by 29 USC §2104(a)(7).

32. The Defendant, United Furniture Industries, Inc., is an employer as defined by 29 USC §2101(a)(1). Defendant may be served with process through its registered agent, CT Corporation System, at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

## *Jurisdiction*

33. This Court has jurisdiction over this lawsuit pursuant to 28 USC §1331 and 29 USC §2104(a)(5). This Court also has pendant jurisdiction over the state law claim.

## *Class Action*

34. The Plaintiff files this complaint for himself and on behalf of all other employees. A class action is specifically authorized by 29 USC §2104(a)(5). The proposed class consists of all former employees of the Defendant at all locations in Mississippi including but not limited to Amory, Wren, Okolona, Nettleton, Verona, and Tupelo.

## *Facts*

35. The Defendant notified the Plaintiffs and all employees in the middle of the night on November 21, 2022, that the respective plants would be closed immediately.

36. The defendant effected a "plant closing" as that term is defined by 29 USC §2101(a)(2).

6

37. The Defendant failed to give the Plaintiff and all other members of the class 60 days notice prior to the plant closing as required by 29 USC §2102(a).

38. The Defendant failed to provide 60 days notice to the Mississippi Rapid Response Team, the Mayors of Amory, Tupelo, Verona, Wren, Okolona, and Nettleton and the President of the Boards of Supervisors of Lee and Monroe counties as required by 29 USC §2102(a)(2).

39. The failure to notify each entity identified in paragraph 8 is subject to a civil penalty of $500 per day for each of the three violations.

40. The WARN statute provides that an employer's failure to give 60 days notice makes it liable for 60 days of pay.

41. The defendant also did not pay plaintiffs and other employees their accrued vacation.

### *Violations of Law*

42. The defendant violated the WARN Act by failing to give the plaintiffs and other class members 60 days notice of the plant closing.

43. The defendant breached its contract with the plaintiffs and other members of the class by failing to pay accrued vacation.

### *Request for Relief*

44. The plaintiffs request a judgment of 60 days pay, accrued vacation pay plus civil penalties and reasonable attorney's fees.

Respectfully submitted,

/s/ Mike Farrell                              /s/ Philip C. Hearn
Mike Farrell                                  Philip C. Hearn

7

| | |
|---|---|
| Law Office of Mike Farrell, PLLC | MS Bar No. 9366 |
| 210 E. Capitol Street | Hearn Law Firm, P.A. |
| Regions Plaza, Suite 2180 | 102 N. Guyton Blvd. |
| Jackson, MS 39201 | Blue Mountain, MS 38610 |
| Tel: 601-948-8030 | Tel: 601-720-3541 |
| Fax: 601-948-8032 | Fax: 662-524-3530 |
| mike@farrell-law.net | philiphearn@yahoo.com |